## Oak Hill Development Corporation v. Anderson et al.

*Herbert O. Schaeffer* and *Thomas H. Lane*, for plaintiff.

*Edward Friedman*, Deputy Attorney General and *Robert E. Woodside*, Attorney General, for defendants.

RICHARDS, P. J., December 15, 1952.— This matter comes before us upon complaint in mandamus and answer thereto. The answer admits the facts pleaded in the complaint. No testimony was taken. The action raises a single question of law, to wit: Are documentary tax stamps required to be affixed to the assign-

ment of a lease before assignment may be recorded?

We shall outline as briefly as possible the facts as set forth in the complaint and exhibits thereto.

The principal and trustees of the Emaus Orphan House leased a tract of land consisting of lots, to William M. Hollingre et al., for a period of 99 years. The lease provided that it could be severed by the lessees, and rents were reserved upon individual lots. This lease was subsequently assigned to Oak Hill Development Corporation. This corporation, on May 31, 1952, assigned its interest in lot no. 9, block "Q" of a plan of a part of the land included within the original lease, to William E. Leonhard, et ux. The assignment to the Leonhards was tendered for recording without having attached thereto documentary tax stamps. The recorder refused to record the instrument without the stamps. It was later agreed that $112.50, representing the cost of the stamps in controversy, be deposited in escrow, and that the instrument be recorded, pending the outcome of the present action.

While we think it has no bearing on the case, we will add that the original lessor had agreed to the mortgaging of individual lots included within the demised premises.

### Discussion

The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, 72 PS §3283, et seq., in section 2, defines "document". It specifically provides that the term "document" shall not include leases. Hence, leases are not subject to the tax. Nothing is said in the act about the assignment of leases, either as to their taxability or their exemption therefrom. Our task, therefore, is to determine whether or not the legislature intended to make the assignment of leases subject to the tax.

The act defines "Document" as follows:

"Any deed, instrument or writing whereby any lands, tenements or hereditaments within this Commonwealth or any interest therein shall be granted, bargained, sold, or otherwise conveyed to the grantee, purchaser, or any other person, but does not include wills, mortgages, transfers between husband and wife, transfers between parent and child, and leases."

Counsel for defendants stresses the fact that an assignment of a lease conveys an interest in land and, as such is subject to the tax because not within the exemption. But a lease, a sublease and the assignment of a lease all convey an interest in land. There is no difference in this respect.

It is conceded that leases are exempt from the provisions of the act. It seems also to be conceded that subletting is exempt. But, it is argued, an assignment is not exempt because it differs from a lease in that it conveys the whole interest of the assignor, without a reversionary interest, while in a lease there is a reversionary interest in the lessor. There is no doubt that this difference exists. But, if we hold leases and subleases exempt, and hold assignments subject to the tax, we get some anomalous situations. For example, the lease of a property for a year is exempt. But if, per chance, the lessee is moving from the State and assigns the entire balance of his term, which could well be only two or three months, then a tax is due. In other words, if this be true, the taxability depends upon the form of the transaction, not on its substance. The tax would not be due for the whole term; would not be due for part of the term, if in the form of a sublease; but would be due for part of the term if in the form of an assignment. We cannot believe that the legislature intended any such surprising result. Furthermore, a classification to be justifiable, must be based upon a real and substantial difference. We see no such distinction between leases and subleases

on the one hand and assignments on the other. Since it is our duty to seek a construction which preserves the constitutionality, we conclude that the legislature did not intend to tax assignments of leases and that leases, subleases and assignments are all exempt from the payment of the tax.

Since the case presents a pure question of law, we shall enter judgment in according with these conclusions.

### Order

And now, to wit, December 15, 1952, defendant, Marion T. Anderson, Recorder of Deeds of Dauphin County, is directed to record the aforementioned assignment of a lease, without requiring documentary tax stamps to be affixed thereto. The sum of $112.50 deposited with her in escrow shall be returned to the depositor.

The other defendant, Otto F. Messner, Secretary of Revenue, is directed to permit the recording of said assignment without the affixing of any documentary tax stamps.